UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PEPPERIDGE FARM, INCORPORATED

         Plaintiff,

    v.

TRADER JOE'S COMPANY

         Defendant.

Civil Action No. TBA

**COMPLAINT AND JURY DEMAND**

Plaintiff Pepperidge Farm, Incorporated ("Pepperidge Farm") brings this action against defendant Trader Joe's Company ("Trader Joe's" or "Defendant") and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1501, *et. seq.,* the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*, and/or Connecticut common law.

2.      Pepperidge Farm's claims arise out of Defendant's infringement and dilution of the famous and unique MILANO® cookie configuration trademark (as defined below), which Pepperidge Farm or its predecessors in interest have used for decades in connection with cookie and snack products.  Despite being well aware of the famous MILANO® cookie configuration trademark, and the enormous goodwill symbolized thereby and associated therewith, Defendant recently began selling, in the packaged retail space, a cookie product designed to trade on the MILANO® cookie's goodwill and reputation.  Defendant has furthered its deception by

1

marketing its product using packaging associated with the MILANO® cookie.  Trader Joe's use of Pepperidge Farm's registered configuration allows it to unfairly compete, infringes and dilutes Pepperidge Farm's trademarks, and blurs the distinctiveness of Pepperidge Farm's marks and configuration.

## THE PARTIES

3.      Plaintiff Pepperidge Farm is a Connecticut corporation with a place of business at 595 Westport Avenue, Norwalk, Connecticut, 06851.

4.      Defendant Trader Joe's is a California Company with a principle place of business at 800 South Shamrock Avenue, Monrovia, California 91016.

## JURISDICTION AND VENUE

5.      Jurisdiction exists pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

6.      This suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et. seq.

7.      In addition, jurisdiction under 28 U.S.C. § 1332 exists because the parties have diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.      Supplemental jurisdiction over the causes of action under state law is proper, as they are substantially related to those causes of action over which the court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

9.      Personal jurisdiction over Trader Joe's is vested in this court because, upon information and belief, Trader Joe's does business in Connecticut and its acts within or directed toward Connecticut have caused injury to Pepperidge Farm as alleged herein.  Trader Joe's

2

actively promotes its products in Connecticut, and on information and belief, has advertised in Connecticut. Trader Joe's has seven retail locations within this District, including locations in Danbury, Darien, Fairfield, Orange, Stamford, West Hartford and Westport, which, upon information and belief, trade in the infringing product.

10.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within the jurisdiction of the District Court of Connecticut.

## THE MILANO® MARKS AND CONFIGURATION

11.      Pepperidge Farm, through its related companies and predecessors in interest and title, has for many years been engaged in and continues to be engaged in the development, production, and sale of cookies, crackers, snack mixes, pastries, and other bakery products. Pepperidge Farm has built a large and profitable business in connection therewith.

12.      Pepperidge Farm has sold cookies under the brand name MILANO® since 1956. Throughout its history it has used the distinctive image of the product as part of its most prominent communication element, its packaging.



13.      Pepperidge Farm has advertised, invested in, and expanded the MILANO® brand to encompass a range of products. The marquis product sold under the MILANO® brand is a

3

cookie (the "MILANO® cookie") characterized by a unique configuration comprised of a chocolate filling (sometimes with additional flavoring) that is sandwiched between two oval shaped cookies (the "MILANO® CONFIGURATION").




14.     The MILANO® CONFIGURATION is defined as the configuration appearing in Exhibit A and as depicted above, as well as all common law rights relating thereto.

15.     Pepperidge Farm has used and continues to use the MILANO® brand for cookies with the MILANO® CONFIGURATION and has continuously used such marks in commerce for such goods since at least 1977.

16.     Pepperidge Farm is also the owner of the following relevant U.S. Trademark Registration on the Principal Register of the United States Patent and Trademark Office:  Reg. No. 3,852,499 for the MILANO® CONFIGURATION for cookies.  The MILANO® CONFIGURATION registration is a valid and subsisting registration.  A copy of the Certificate of Registration for the MILANO® CONFIGURATION is attached as Exhibit A.

17.     Registration Number 3,852,499 is incontestable.

18.     Pepperidge Farm uses the MILANO® CONFIGURATION as a designation of source and quality for its goods.

4

19.     Pepperidge Farm uses the registration symbol ® on the packaging for its goods and in connection with the advertising of products sold under the MILANO® brand.

20.     By virtue of Pepperidge Farm's extensive use in commerce of the MILANO® brand in connection with its goods using the MILANO® CONFIGURATION, such goods have become well and favorably known to the relevant trade and public under such marks.

21.     Specifically, Pepperidge Farm's trademark rights associated with MILANO® brand cookies have gained particular fame because unlike generic snack foods or cookies, the MILANO® cookies are in and of themselves identifiable due to the MILANO® CONFIGURATION, and serve as an indicator of source.

22.     For example, the MILANO® cookies are instantly recognizable and due to their popularity, have appeared in pop culture and TV shows like Frasier, Will and Grace, Seinfeld, and Two and-a Half Men.

23.     In addition, based on their distinctiveness in the marketplace, consumers recognize the MILANO® cookies by shape alone.

24.     By virtue of the unique characteristic of the MILANO® CONFIGURATION, the relevant trade and public have come to associate MILANO® cookies with Pepperidge Farm and with Pepperidge Farm alone, thereby creating a valuable reputation for such goods under the MILANO® brand.

25.     Over the last ten years, Pepperidge Farm has sold hundreds of millions of MILANO® cookies resulting in revenues in the hundreds of millions of dollars to Pepperidge Farm.

26.     MILANO® cookies are manufactured with the highest quality ingredients in a controlled and well-defined process.  This baking process ensures that each cookie has the

5

superior quality, taste, and physical attributes that consumers have come to know and expect from MILANO® cookies.

27.    When selling the MILANO® cookies, Pepperidge Farm places the MILANO® cookies inside fluted paper trays inside a larger, upright package, which includes an image of the MILANO® CONFIGURATION on the principal display panel.




ACTIVE/83628392

## **TRADER JOE'S WRONGFUL CONDUCT**

28.     Upon information and belief, defendant Trader Joe's is advertising and selling

cookies under the name Trader Joe's Crispy Cookies (the "Infringing Product") that feature a

configuration that very closely resembles the MILANO® CONFIGURATION.

29.     Indeed, the Infringing Product contains a chocolate filling sandwiched between

two rounded rectangular cookies, mimicking an overall oval shape. A photograph of the

Infringing Product is attached as Exhibit B, and appears below.



30.     In addition, on the packaging for the Infringing Product, Trader Joe's places an

image of the Infringing Product in a fluted paper tray, when the Infringing Product is not actually

sold in a fluted paper tray, but rather in a plastic tray.



7

31.     Upon information and belief, the only reason Trader Joe's uses the image of the Infringing Product in a fluted paper tray on its packaging is to further associate the Infringing Product with the MILANO® cookies.

32.     Below is a comparison of examples of the MILANO® cookies and the Infringing Product as packaged.

    

|     **1990s**     |     **Current**     |     **Current**     |

33.     In addition to not using fluted cups in its actual packaging, the plastic tray containing the Infringing Product is an "overwrap tray" that lays horizontally in its packaging.  A vast majority of cookies sold in packaging using the plastic trays with an overwrap feature a principal display panel that is oriented horizontally, not vertically.  However, Trader Joe's chose to portray the Infringing Product vertically on the principal display panel of packaging, which is similar to how Pepperidge Farm portrays the MILANO® cookie in its signature gable top bag. See below:

ACTIVE/83628392



34.    The MILANO® Cookie packaging's vertical orientation is another distinguishing feature of the MILANO® brand.

35.    Upon information and belief, Trader Joe's portrayal of the Infringing Product vertically, despite its over-wrapped tray packaging, is a further attempt to associate the Infringing Product with the MILANO® cookies.

36.    The similarity in configuration between the MILANO® cookies and the Infringing Product and the manner in which Trader Joe's has chosen to package and advertise the Infringing Product is likely to cause confusion, mistake, and/or deceive purchasers, potential purchasers, and the relevant public and trade at the time of purchase, as well as post purchase as to the source or sponsorship or approval of the Infringing Product, and/or as to its affiliation with Pepperidge Farm, thereby causing harm to Pepperidge Farm's reputation and good will.

37.    Trader Joe's has configured, designed, and marketed the Infringing Product in a manner that causes purchasers, potential purchasers, and the relevant public to associate the Infringing Product with the MILANO® cookies thereby causing and continuing to cause dilution of the MILANO® CONFIGURATION and the MILANO® brand.

ACTIVE/83628392

38.     Indeed, in a recent web search for the terms "Trader Joe's" "cookie" and "Milano", Google produces 125,000 hits, many of which liken the Infringing Product to the MILANO® cookies.

39.     Upon information and belief, the similarity in configuration between the Infringing Product and the MILANO® cookie was intended to trade upon the reputation and goodwill of the MILANO® CONFIGURATION and MILANO® cookie and brand.

40.     Upon information and belief, the Infringing Product and the MILANO® cookies will be advertised and sold to an overlapping class of purchasers.

41.     Upon information and belief, the sale of the Infringing Product by Trader Joe's has diminished the value of the MILANO® brand and MILANO® CONFIGURATION in the marketplace.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

42.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

43.     Trader Joe's infringement of the unique MILANO® CONFIGURATION and packaging and advertising the Infringing Product in the matter set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the MILANO® brand and Pepperidge Farm or has the sponsorship or approval of Pepperidge Farm.

44.     Trader Joe's has willfully sought to trade on Pepperidge Farm's reputation and the reputation of the MILANO® cookies.  Further evidence of Trader Joe's intent to trade on Pepperidge Farm's and the MILANO® cookie's reputation is Trader Joe's portrayal of the Infringing Product in a fluted paper tray, which is how the MILANO® cookies are packaged,

10

despite the fact that Trader Joe's does not package the Infringing Product in a fluted paper tray. Even further evidence of such intent is Trader Joe's use of vertical orientation on its principal display panel despite the fact that the tray naturally lies horizontally.

45.     Pepperidge Farm has placed Trader Joe's on notice of its infringement and unlawful conduct at least as early as August 2015, but Trader Joe's has failed to terminate its wrongful conduct.

46.     The foregoing acts of Trader Joe's constitute willful and deliberate infringement of Pepperidge Farm's federal registered trademark, trade dress, and configuration in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

47.     Pepperidge Farm has a substantial likelihood of success stemming from a demonstrably clear legal right and Trader Joe's acts have caused and will continue to cause irreparable injury to Pepperidge Farm for which Pepperidge Farm has no adequate remedy at law.

48.     Pursuant to 15 U.S.C. § 1116(a) Pepperidge Farm is entitled to preliminary and permanent injunctive relief to prevent Trader Joe's continued use of the MILANO® CONFIGURATION in commerce.

49.     Pursuant to 15 U.S.C. § 1117(a), Pepperidge Farm is entitled to damages, an accounting of profits made by Trader Joe's use, and recovery of Pepperidge Farm's costs of this action.

50.     The intentional use of the MILANO® CONFIGURATION makes this an exceptional case entitling Pepperidge Farm to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

51.     Pepperidge Farm is also entitled to prejudgment interest on its recovery.

ACTIVE/83628392

<u>**COUNT II: FEDERAL TRADEMARK DILUTION AND CONTRIBUTORY DILUTION**</u>

52.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

53.     The MILANO® brand is famous and has been in use on cookies and advertised continuously throughout the United States since 1956.

54.     The MILANO® CONFIGURATION is famous and has been in use and advertised continuously throughout the United States since at least 1977.

55.     The MILANO® brand and MILANO® CONFIGURATION have received extensive publicity through third party recognition and are famously associated and recognized with the MILANO® cookies.

56.     The MILANO® brand and MILANO® CONFIGURATION attained fame long prior to Trader Joe's use of the MILANO® CONFIGURATION on and in connection with the Infringing Product.

57.     The foregoing acts of Trader Joe's caused dilution and induced others to act in a manner that dilutes the distinctive quality of the MILANO® brand and MILANO® CONFIGURATION and are intended to undermine the uniqueness and distinctiveness of the MILANO® brand and MILANO® CONFIGURATION, constituting a violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58.     Trader Joe's has willfully sought to trade on the reputation of the MILANO® cookies and Pepperidge Farm and cause dilution and induce others to dilute the MILANO® brand and MILANO® CONFIGURATION.  Further evidence of Trader Joe's intent to trade on Pepperidge Farm's and the MILANO® cookie's reputation is Trader Joe's portrayal of the Infringing Product in a fluted paper tray, which is how the MILANO® cookies are packaged,

despite the fact that Trader Joe's does not package the Infringing Product in fluted paper trays. Even further evidence of such intent is Trader Joe's use of vertical orientation on its principal display panel despite the fact that the tray naturally lies horizontally.

59.     By reason of all the foregoing, Pepperidge Farm has been damaged by Trader Joe's willful and deliberate use of the MILANO® CONFIGURATION in the manner set forth above and will continue to be damaged unless Trader Joe's is enjoined from the same.

60.     Pepperidge Farm has a substantial likelihood of success stemming from a demonstrably clear legal right, and Trader Joe's acts have caused and will cause irreparable injury to Pepperidge Farm for which Pepperidge Farm has no adequate remedy at law.

<u>**COUNT III: FEDERAL UNFAIR COMPETITION AND**</u>
<u>**FALSE DESIGNATION OF ORIGIN**</u>

61.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

62.     By reason of Pepperidge Farm's continuous and exclusive use of the MILANO® brand and the unique MILANO® CONFIGURATION for decades.

63.     The MILANO® CONFIGURATION and MILANO® brand have acquired secondary meaning, and indicates to the consuming public that there is a single and well-known source of the MILANO® cookies.

64.     There are many shapes and designs that can be used for cookies such that the shape and design of the MILANO® CONFIGURATION is an arbitrary embellishment that was primarily adopted for the purposes of identification and individuality.  For this reason, the unique design shape, and appearance of the MILANO® cookies is non-functional.

65.     Trader Joe's infringement of the MILANO® CONFIGURATION in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and

ACTIVE/83628392

misleading impression that the Infringing Product is associated or connected with the

MILANO® brand and Pepperidge Farm or have the sponsorship or approval of Pepperidge

Farm.

66.     Trader Joe's has willfully sought to trade on the reputation of the MILANO®

cookies and Pepperidge Farm and cause dilution of the MILANO® brand and MILANO®

CONFIGURATION.  Further evidence of Trader Joe's intent to trade on Pepperidge Farm's and

the MILANO® cookie's reputation is Trader Joe's portrayal of the Infringing Product in a fluted

paper tray, which is how the MILANO® cookies are packaged, despite the fact that Trader Joe's

does not package the Infringing Product in fluted paper trays.  Even further evidence of such

intent is Trader Joe's use of vertical orientation on its principal display panel despite the fact that

the tray naturally lies horizontally.

67.     Pepperidge Farm has placed Trader Joe's on notice of its infringement and

unlawful conduct at least as early as August 2015, but Trader Joe's has failed to terminate its

wrongful conduct.

68.     The foregoing acts of Trader Joe's constitute unfair competition in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Plaintiff has a substantial likelihood of success stemming from a demonstrably

clear right, and Trader Joe's acts have caused and will continue to cause irreparable injury to

Pepperidge Farm for which Pepperidge Farm has no adequate remedy at law.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT

70.     The factual allegations in the foregoing paragraphs are incorporated herein by

reference.

ACTIVE/83628392

71.     Trader Joe's acts constitute trademark infringement under the common laws of the State of Connecticut.

72.     Trader Joe's acts of trademark infringement entitle Pepperidge Farm to recover its damages and costs of this action, together with an accounting of profits made by Trader Joe's on its sales of Infringing Products in connection with which Trader Joe's uses the MILANO® CONFIGURATION.

73.     The acts of Trader Joe's have been malicious and calculated to injure Pepperidge Farm.

74.     The willful, wanton and malicious nature of Trader Joe's conduct entitles Pepperidge Farm to an award of its reasonable attorneys' fees and punitive damages.

75.     Trader Joe's infringement of the MILANO® CONFIGURATION is causing irreparable injury to Pepperidge Farm's goodwill, and unless enjoined by this Court, will continue to do so.

76.     Further, Pepperidge Farm may not have an adequate legal remedy in the event money damages cannot properly be calculated.

77.     Under the common laws of the State of Connecticut, Pepperidge Farm is entitled to preliminary and permanent injunctive relieve to prevent Trader Joe's continuing trademark infringement.

### COUNT V: COMMON LAW DILUTION OF A DISTINCTIVE MARK

78.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

79.     The foregoing acts of Trader Joe's caused dilution of the distinctive quality of the MILANO® brand and MILANO® CONFIGURATION and are intended to undermine the

uniqueness and distinctiveness of the MILANO® brand and MILANO® CONFIGURATION, constituting trademark dilution under the laws of the state of Connecticut.

80.     Trader Joe's acts of trademark dilution entitle Pepperidge Farm to recover its damages and costs of this action, together with an accounting of profits made by Trader Joe's on its sales of Infringing Products in connection with which Trader Joe's uses the MILANO® CONFIGURATION to associate the Infringing Product with the MILANO® brand.

81.     The acts of Trader Joe's have been malicious and calculated to injure Pepperidge Farm.

82.     The willful, wanton and malicious nature of Trader Joe's conduct entitles Pepperidge Farm to an award of its reasonable attorneys' fees and punitive damages.

83.     Trader Joe's dilution of the MILANO® CONFIGURATION and MILANO® brand is causing irreparable injury to Pepperidge Farm's goodwill, and unless enjoined by this Court, will continue to do so.

84.     Further, Pepperidge Farm may not have an adequate legal remedy in the event money damages cannot properly be calculated.

85.     Under the common laws of the State of Connecticut, Pepperidge Farm is entitled to preliminary and permanent injunctive relieve to prevent Trader Joe's continuing trademark dilution.

## COUNT VI: COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION

86.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

87.     The foregoing acts of Trader Joe's infringed upon the MILANO® CONFIGURATION, caused dilution of the distinctive quality of the MILANO® brand and

16

MILANO® CONFIGURATION, and are intended to undermine the uniqueness and distinctiveness of the MILANO® brand and MILANO® CONFIGURATION, constituting unfair competition and misappropriation of Pepperidge Farm's goodwill under the laws of the state of Connecticut and other states.

88.     Trader Joe's acts of unfair competition and misappropriation entitle Pepperidge Farm to recover its damages and costs of this action, together with an accounting of profits made by Trader Joe's on its sales of Infringing Products in connection with which Trader Joe's uses the MILANO® CONFIGURATION and MILANO® brand.

89.     The acts of Trader Joe's have been malicious and calculated to injure Pepperidge Farm.

90.     The willful, wanton and malicious nature of Trader Joe's conduct entitles Pepperidge Farm to an award of its reasonable attorneys' fees and punitive damages.

91.     Trader Joe's infringement of the MILANO® CONFIGURATION and MILANO® brand is causing irreparable injury to Pepperidge Farm's goodwill, and unless enjoined by this Court, will continue to do so.

92.     Further, Pepperidge Farm may not have an adequate legal remedy in the event money damages cannot properly be calculated.

93.     Under the common laws of the State of Connecticut, Pepperidge Farm is entitled to preliminary and permanent injunctive relieve to prevent Trader Joe's continuing unfair competition.

<u>**COUNT VII: UNFAIR COMPETITION AND TRADE PRACTICES UNDER THE CONNECTICUT UNFAIR TRADE PRACTICES ACT**</u>

94.     The factual allegations in the foregoing paragraphs are incorporated herein by reference.

ACTIVE/83628392

95.     By engaging in the acts alleged above, Defendant has engaged in conduct: (a) that is offensive to public policy, governing statutes, common law principles, and/or established concepts of fairness, and/or (b) that has caused substantial injury to consumers.

96.     Defendant committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

97.     Trader Joe's conduct amounts to a violation of the Connecticut Unfair Trade Practices Act, Conn, Gen. Stat. § 42-110a, *et seq,* and has resulted in damage and ascertainable loss to Pepperidge Farm, as well as irreparable harm.

98.     Upon information and belief, the complained of activities were undertaken by Trader Joe's in disregard of Pepperidge Farm's rights and of the law.

99.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and Trader Joe's acts have caused and will continue to cause irreparable injury to Pepperidge Farm for which Pepperidge Farm has no adequate remedy at law.

## **PRAYER**

WHEREFORE, Plaintiffs pray that:

A.      The Court finds that Pepperidge Farm owns a valid and subsisting trademark.

B.      Trader Joe's be held liable under each claim for relief as set forth in this Complaint.

C.      Preliminarily and permanently enjoining Trader Joe's, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the MILANO® CONFIGURATION, or any device confusingly similar thereto or dilutive thereof,

18

and from using, affixing, offering for sale, advertising, promoting cookies in the configuration currently used for the Infringing Product or any configuration substantially similar thereto;

D.      Preliminarily and permanently enjoining Trader Joe's, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using any false descriptions or representations, or any false designation of origin, or from otherwise committing any acts of unfair competition in connection with the famous MILANO® CONFIGURATION or MILANO® brand.

E.      Preliminarily and permanently enjoining Trader Joe's, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from diluting the MILANO® CONFIGURATION or the MILANO® brand.

F.      Awarding Pepperidge Farm damages, including, *inter alia*, disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S. C. § 1117(b);

G.      Trader Joe's be required to pay to Pepperidge Farm its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

H.      Trader Joe's be required to pay to Pepperidge Farm the costs of this action.

I.      Awarding Pepperidge Farm any such other and further relief as the Court deems just and proper given the facts and the circumstances herein.

ACTIVE/83628392

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Pepperidge Farm hereby demands trial by jury in this action of all issues triable by jury.

Dated: December 2,  2015

Respectfully submitted,

Plaintiff Pepperidge Farm Incorporated
By its attorney,

/s/   Ira J.Levy
Ira J. Levy (SBN 309618)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Tel.:  212.813.8800
Fax.:  212.355.3333
E-mail:  ilevy@goodwinprocter.com

20

# EXHIBIT A

ACTIVE/83628392

## Exhibit A

# United States of America

### United States Patent and Trademark Office



**Reg. No. 3,852,499**
**Registered Sep. 28, 2010**

PEPPERIDGE FARM, INCORPORATED (CONNECTICUT CORPORATION)
595 WESTPORT AVENUE
NORWALK, CT 06851

**Int. Cl.: 30**

FOR: COOKIES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 12-31-1977; IN COMMERCE 12-31-1977.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE STIPPLING IS FOR SHADING PURPOSES.

THE MARK CONSISTS OF A CONFIGURATION OF A COOKIE COMPRISED OF A FILLING SANDWICHED BETWEEN TWO OVAL-SHAPED COOKIES. THE NOTCH DEPICTED NEAR THE UPPER PORTION OF ONE OF THE COOKIES REPRESENTS A SMALL PORTION OF THE COOKIE THAT BUMPS OUT OF THE OTHERWISE FLAT CONTOURED SURFACE.

SEC. 2(F).

SER. NO. 77-836,284, FILED 9-28-2009.

KEVIN DINALLO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

22

# EXHIBIT B

ACTIVE/83628392

**Exhibit B**



ACTIVE/83628392